(No. 3532—

BLANCHE LAMPKIN, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 12, 1942.*

EDWIN H. COOKE, for claimant.

GEORGE F. BARRETT, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

CHIEF JUSTICE DAMRON delivered the opinion of the court:

This claim was filed on August 13, 1940, seeking an award of One Hundred ($100.00) Dollars.

The complaint alleges that on or about March 13, 1940, claimant took into her home one Howard Birrell, an inmate of the Illinois Soldiers and Sailors Children's School at Normal, Illinois, a State charitable institution under the jurisdiction of the respondent in accordance with the custom of said school in boarding out inmates in private homes, and under the usual contract with the school in such case.

That the said inmate, Howard Birrell, after having lived in claimant's home approximately two days, did, on or about March 15, 1940, escape from her home, unlawfully and feloniously taking with him the sum of Sixty-one ($61.00) Dollars, which he found in the claimant's home, said money being the property of the claimant. She asks an award for this sum plus Thirty-nine ($39.00) Dollars attorneys fees for filing and prosecuting this claim.

The record in this case consists of the complaint, bill of particulars, affidavit of claimant, motion of respondent to dismiss, statement, brief and argument on behalf of respondent supporting its motion to dismiss, and claimant's reply thereto.

Claimant seeks this award under Paragraph 372a, of Chapter 23, Illinois Revised Statutes, 1939—This Statute has reference to payment of damages to property, or for damages resulting from property being stolen . . . caused by an inmate who has escaped, etc. Howard Birrell, was not an escaped inmate—he was in claimant's home by and with her consent, under contract with the State.

The State in the exercise of its governmental functions is not liable for the negligence of, or the acts of inmates of its charitable institutions, and a claim based on such negligence or such acts is without legal foundation and must be denied. *Balding* vs. *State,* 11 C. C. R., 128.

The Court of Claims has jurisdiction to recommend an award only where the State would be liable in law or in equity in a court of general jurisdiction if it were suable. *Crabtree* vs. *State,* 7 C. C. R., 207; *Berg* vs. *State,* numbers 3524 and 3625 Court of Claims decided March 11, 1942; *Rowley* vs. *State,* 3639, Court of Claims decided February 10, 1942; *Reaber* vs. *State,* 3631, Court of Claims decided March 11, 1942.

There is no theory of law upon which to base any legal liability on the part of the State for the act of inmates of State institutions, in the absence of a specific law making it so liable.

There being no legal liability on the part of the State we have no authority to allow an award. The motion of the Attorney General is therefore allowed and the complaint dismissed.